UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SILVER SCREEN DEVELOPMENT, LLC                    CIVIL ACTION

VERSUS                                            NO: 13-5094

BROAD U.S.A., INC.                                SECTION: "A" (1)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss for Failure to state a Claim (Rec. Doc. 12)** filed by defendant Broad USA, Inc. Plaintiff Silver Screen Development, LLC opposes the motion. The motion, scheduled for submission on January 15, 2014, is before the Court on the briefs without oral argument. For the reasons that follow the motion is DENIED.

## I.    Background

Plaintiff Silver Screen Development, LLC seeks to recover from defendant Broad USA, Inc. the fair market value of some chemical coolant and equipment (hereinafter collectively referred to as "the coolant") that Silver Screen alleges is wrongfully in Broad's possession.

According to Silver Screen, in 2007 Broad sold the coolant to Louisiana Ethanol, which eventually declared bankruptcy. (Comp. ¶ 7). Louisiana Ethanol's assets were sold to an entity called Plaquemines Holdings, LLC as part of the bankruptcy proceedings. (*Id.* ¶ 8). On March 5, 2013, Silver Screen purchased the coolant from Plaquemines Holdings. (*Id.* ¶ 9).

On March 26, 2013, Lego Demolition, LLC purchased the coolant from Silver Screen. (Rec. Doc. 1, Exh. 1). Lego took possession of the coolant but failed to pay the entire purchase price. (Comp. ¶ 13). Silver Screen believes that Broad has possession of the coolant even though Silver Screen never consented to this arrangement. (*Id.* ¶¶ 15, 16). Silver Screen has sued Broad alleging wrongful conversion and unjust enrichment.

1

Broad now moves pursuant to Federal Rules 12(b)(6) to dismiss the complaint. Broad argues that Silver Screen cannot maintain an action for conversion because Silver Screen, having sold the coolant to Lego, does not own it. And contradicting its own argument with respect to conversion, Broad also argues that Silver Screen cannot maintain a cause of action for unjust enrichment because Louisiana law provides Silver Screen a remedy in conversion.

## II.    Discussion

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (*citing Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (*quoting Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (*quoting Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (*quoting Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).  Legal conclusions must be supported by factual allegations. *Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).

The tort of conversion is an intentional act done in derogation of the plaintiff's

possessory rights. *Kinchen v. Louie Dabdoub Sell Cars, Inc.*, 912 So. 2d 715, 718 (La. App. 5th Cir. 2005) (*citing F.G. Bruschweiler (Antiques), Ltd. v. GBA Great British Antiques, LLC*, 860 So. 2d 644, 649 (L. app. 5th Cir. 2003)). Any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion. *Id.* (*citing F.G. Bruschweiler*, 860 So. 2d at 649-50). A conversion is committed when any of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel. *Dual Drilling Co. v. Mills Equip. Invest., Inc.*, 721 So. 2d 853, 857 (La. 1998) (*citing* Maraist & Galligan, *Louisiana Tort Law* § 1-2, at 3 (1996 & Supp. 1998)).

Based on the foregoing, it does not appear that the right of ownership is an essential element of the tort of conversion in Louisiana. Rather, the more important right is that of possession. But in the context of a motion to dismiss, the Court cannot adjudicate or determine what possessory or ownership rights, if any, Silver Screen has in the coolant. The motion to dismiss the conversion claim is therefore denied. The motion is likewise denied as to the claim for unjust enrichment, which is really pleaded in the alternative should Silver Screen lack standing to bring a conversion claim.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to state a Claim (Rec. Doc. 12)** filed by defendant Broad USA, Inc. is **DENIED**.

January 23, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE