UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| SILVER SCREEN DEVELOPMENT, LLC | | CIVIL ACTION |
| VERSUS | | NO: 13-5094 |
| BROAD U.S.A., INC. | | SECTION: "A" (1) |

**ORDER AND REASONS**

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 56)** filed by defendant Broad USA, Inc. Plaintiff Silver Screen Development, LLC opposes the motion. The motion, scheduled for submission on November 4, 2015, is before the Court on the briefs without oral argument. For the reasons that follow the motion is DENIED.

I.   **Background**

Plaintiff Silver Screen Development, LLC seeks to recover from defendant Broad USA, Inc. the fair market value of some chemical coolant and equipment (hereinafter collectively referred to as "the coolant") that Silver Screen alleges is wrongfully in Broad's possession.

According to Silver Screen, in 2007 Broad sold the coolant to Louisiana Ethanol, which eventually declared bankruptcy. (Comp. ¶ 7). Louisiana Ethanol's assets were sold to an entity called Plaquemines Holdings, LLC as part of the bankruptcy proceedings. (*Id.* ¶ 8). On March 5, 2013, Silver Screen purchased the coolant from

Plaquemines Holdings. (*Id.* ¶ 9).

On March 26, 2013, Lego Demolition, LLC purchased the coolant from Silver Screen. (Rec. Doc. 1, Exh. 1). Lego took possession of the coolant but failed to pay the entire purchase price. (Comp. ¶ 13). Silver Screen believes that Broad has possession of the coolant even though Silver Screen never consented to this arrangement. (*Id.* ¶¶ 15, 16). Silver Screen has sued Broad alleging wrongful conversion and unjust enrichment.

Broad moved pursuant to Federal Rules 12(b)(6) to dismiss the complaint. Broad argued that Silver Screen cannot maintain an action for conversion because Silver Screen, having sold the coolant to Lego, did not own it. Broad also argued, somewhat circuitously, that Silver Screen could not maintain a cause of action for unjust enrichment because Louisiana law provides Silver Screen a remedy in conversion. The Court denied that motion on January 24, 2014. (Rec. Doc. 31).

The parties have engaged in numerous attempts with the magistrate judge to settle this matter. The parties also participated in a principals conference in chambers. (Rec. Doc. 46). This matter is scheduled to be tried to a jury on February 1, 2016.

II.     Discussion

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a

material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

The Court denies Defendant's motion primarily because it re-raises the key legal questions that the Court addressed when it denied Defendant's motion to dismiss. In its ruling the Court stated:

> [I]t does not appear that the right of ownership is an essential element of the tort of conversion in Louisiana. Rather, the more important right is that of possession. But in the context of a motion to dismiss, the Court cannot adjudicate or determine what possessory or ownership rights, if any, Silver Screen has in the coolant. The motion to dismiss the conversion claim is therefore denied. The motion is likewise denied as to the claim for unjust enrichment, which is really pleaded in the alternative should Silver Screen lack standing to bring a conversion claim.

Rec. Doc. 31 at 3.

If the Court's ruling, which has been the law of this case for nearly a year, contained any error of law regarding the significance of ownership, that error will be resolved on appeal. Even if the Court were to reverse course and adopt Defendant's

*legal* argument regarding ownership, it remains that the summary judgment record does not clearly establish whether Silver Screen was actually divested of ownership or whether Defendant was a purchaser in good faith. In fact, the record seems to suggest that both Plaintiff and Defendant might have been on the receiving end of some deceptive sales tactics.

Although the Court is persuaded that the parties' evidentiary submissions on summary judgment do not allow for judgment as a matter of law to either party,[1] the Court's review of the submissions convinces the Court that "the equities" of this case do not necessarily lie in Plaintiff's favor. As the Court appreciates the case, Defendant, through no fault of its own, was completely deprived of its rightful payment for the coolant as a result of Louisiana Ethanol's bankruptcy. Meanwhile, Plaintiff purchased the coolant from the bankruptcy assets for significantly less that what it now claims that the coolant was worth, and attempted to turn around a $710,000 profit in one day by selling the coolant to Lego. Plaintiff received an installment payment of $162,000 from Lego, which was about $77,000 less than the purchase price, but it was the second installment payment of $787,500 that Lego withheld. The Court has seen no significant evidence that *establishes* that Defendant colluded with Lego. The jury might conclude that Plaintiff proceeded at its own risk by doing business with Lego and was prejudiced by its own failure at due diligence. The jury might decide that Plaintiff should get nothing

---

[1] The Court ordered Defendant to deliver a hard copy of its motion for summary judgment with attachments (totaling 361 pages) to chambers. Defense counsel complied. The Court had specifically instructed, however, that the copy be printed from the Court's CM/ECF filing system so that each page contains the CM/ECF document header. (Rec. Doc. 61). This instruction was not followed, The order also required the submission to be placed in a binder with labeled and tabbed exhibits. (*Id.*). This instruction was not followed.

*vis à vis this Defendant*, or that if anything is owed to Plaintiff *from this Defendant*, it should not exceed the difference between what Plaintiff paid for the coolant and what it actually received from Lego.

The Court has not been privy to the parties' settlement discussions but no party should proceed to trial anticipating a second bite at the apple via post-trial motions grounded in dissatisfaction with the jury's verdict. Simply put, some risks are attendant upon proceeding to trial by jury in federal court, particularly in a business dispute like this one, and so in the absence of a compromise, counsel should prepare for trial as scheduled.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 56)** filed by defendant Broad USA, Inc. is **DENIED**.

January 13, 2016

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE